UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN KEITH SMITH,<br><br>       Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>       Defendant. | Case No. 3:13-cv-05577-RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 16, 2014 |

  Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

  On December 1, 2010, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that he became disabled beginning October 22, 2008. See ECF #10, Administrative Record ("AR") 14. Both applications were denied upon initial administrative review on March 23, 2011 and on reconsideration on May 3,

REPORT AND RECOMMENDATION - 1

2011. See id.  A hearing was held before an administrative law judge ("ALJ") on June 26, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 618-661.

In a decision dated July 23, 2012, the ALJ determined plaintiff to be not disabled. See AR 14-27.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 23, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 6; 20 C.F.R. § 404.981, § 416.1481.  On July 16, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #1.  The administrative record was filed with the Court on September 23, 2013. See ECF #10.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings, because the ALJ erred in rejecting the opinions of Mary Lemberg, M.D., that plaintiff:

  (1)   may not have the ability to perform simple and repetitive tasks;

  (2)   may have difficulty accepting instructions from supervisors, and would have difficulty interacting with co-workers and the public;

  (3)   may be limited in his ability to perform work activities on a consistent basis or maintain regular attendance in the workplace;

  (4)   could not complete a normal workday or workweek without problematic interruption from his psychiatric conditions; and

  (5)   would be anticipated to have great difficulty dealing with the usual stress encountered in a competitive work environment.

Plaintiff further argues that the ALJ's improper rejection of Dr. Lemberg's opinions resulted in an incorrect assessment of his residual functional capacity ("RFC").  For the reasons set forth

REPORT AND RECOMMENDATION - 2

below, the undersigned agrees the ALJ erred in rejecting Dr. Lemberg's opinions that plaintiff may have difficulty accepting instructions from supervisors and may be limited in his ability to perform work activities on a consistent basis or maintain regular attendance in the workplace, and thus also erred in both assessing his RFC and finding him to be not disabled.  Accordingly, the undersigned agrees as well with plaintiff that defendant's decision should be reversed and that this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").  "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld.

REPORT AND RECOMMENDATION - 3

Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.   The ALJ's Evaluation of Dr. Lemberg's Opinions

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Based on the psychiatric evaluation she conducted in early March 2011, Dr. Lemberg opined that plaintiff "may have difficulty accepting instructions from supervisors, and would

REPORT AND RECOMMENDATION - 5

have difficulty interacting with co-workers and the public based upon his history of conflict and ineffective interpersonal interactions." AR 291. In his decision, the ALJ found Dr. Lemberg's opinion regarding having difficulty interacting with co-workers and the public to be "inconsistent with the overall record, particularly treatment reports that do not record any social difficulties." AR 25. The ALJ, however, did not address Dr. Lemberg's opinion concerning having difficulty accepting instructions from supervisors. See id.

The ALJ erred in failing to do so. See Vincent, 739 F.3d at 1394-95 (ALJ must explain why "significant probative evidence has been rejected"). Indeed, the record indicates plaintiff has had difficulty interacting with supervisors in the past. For example, plaintiff reported that he did not get along "at all" with supervisors (AR 159), and his wife reported that he "[t]rys [sic] to avoid them" (AR 179). Plaintiff testified as well that at his last job he had a verbal altercation with his supervisor, and that this also had occurred at other jobs he had had. See AR 638-39. In addition, although treatment records may fail to document any particular social difficulties as found by the ALJ, interacting with medical providers does not necessarily present the same type of difficulties as do social interactions with supervisors on the job.

The undersigned, therefore, finds the substantial evidence in the record does not support the ALJ's findings here. Dr. Lemberg also opined that plaintiff "may be limited in his ability to perform work activities on a consistent basis or maintain regular attendance in the workplace, due to his physical and psychiatric conditions and the longest period of employment has been for two years." AR 291. As noted by plaintiff, the ALJ did not mention, let alone give any reasons for rejecting, this opinion. See AR 25. His failure to do so constitutes reversible error as well for the same reason that his failure to address Dr. Lemberg's opinion concerning plaintiff's ability to accept instructions from supervisors. See Vincent, 739 F.3d at 1394-95.

REPORT AND RECOMMENDATION - 6

II.     The ALJ's Residual Functional Capacity Assessment

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.  If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id.  If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2.  A claimant's residual functional capacity assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id.  It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id.  However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id.  Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id.  In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The ALJ in this case found plaintiff had the residual functional capacity:

> **. . . to perform light work . . . except that such work must be of low stress, defined here as consisting of simple repetitive tasks, with no requirement of new instructions once job tasks are learned, not requiring teamwork, and not requiring interactions with the general public.**

AR 20 (emphasis in original).  Plaintiff argues the ALJ's failure to give proper reasons for

REPORT AND RECOMMENDATION - 7

rejecting the above opinions is not harmless, because the RFC assessment is not consistent with those opinions. The undersigned agrees. As can be seen, the ALJ's assessment of plaintiff's RFC does not fully, or at all, take into account the limitations on accepting instructions from supervisors and working at a consistent pace or maintaining regular attendance found by Dr. Lemberg. As such, it cannot be said at this time that the ALJ's RFC assessment completely and accurately describes all of plaintiff's mental functional limitations.

III.    This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical opinion evidence from Dr. Lemberg, and

REPORT AND RECOMMENDATION - 8

therefore in regard to plaintiff's residual functional capacity and ability to perform both her past relevant work and other jobs existing in significant numbers in the national economy,[2] remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as well that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  See Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **May 16, 2014**, as noted in the caption.

DATED this 29th day of April, 2014.

Karen L. Strombom
United States Magistrate Judge

---

[2] At step four of the sequential disability evaluation process, the ALJ found plaintiff was capable of performing his past relevant work as a hand sander, cleaner and driver, as those jobs did not require the performance of work-related activities precluded by plaintiff's RFC.  See AR 25-26.  The ALJ also found in the alternative that plaintiff could perform the jobs of production assembler, small products assembler and agricultural produce sorter, based on the vocational expert's testimony that an individual with the same age, education, work experience, and RFC as plaintiff would be able to perform those jobs.  See AR 26-27, 656-57.  But because as discussed above the ALJ erred in assessing plaintiff's RFC, it is far from clear that plaintiff could perform either his past relevant work or the other jobs the vocational expert identified.  See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) (ALJ's description of claimant's disability "must be accurate, detailed, and supported by the medical record"; vocational expert testimony must be reliable in light of medical evidence to qualify as substantial evidence).

REPORT AND RECOMMENDATION - 9